UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

LYNNE M. BALTHAZOR,

    Plaintiff,

v.

UNITED RECOVERY SYSTEMS, L.P.,
and ACB AMERICAN, INC.,

    Defendants.

_____/

# COMPLAINT
# JURY DEMAND

1.    Plaintiff alleges violation Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331. <u>Mims v. Arrow Fin. Servs. LLC</u>, 132 S. Ct. 740 (2012); <u>Mims v. Arrow Fin. Servs. LLC</u>, 2012 U.S. LEXIS 906 (2012). Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3.    Plaintiff, LYNNE M. BALTHAZOR, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, UNITED RECOVERY SYSTEMS, L.P., ("United") is a corporation and citizen of the state of Texas with its principal place of business at 5800 North Course Drive, Houston, Texas 77072.

5. Defendant, ACB AMERICAN, INC., ("ACB") is a corporation and citizen of the state of Ohio with its principal place of business at 4351 Winston Avenue, Covington, Kentucky 41015.

## FACTUAL ALLEGATIONS

6. On or about May 28, 2010, Defendant, ACB, or another party acting on its behalf, left a message using an automatic telephone dialing system or an artificial or pre-recorded voice on Plaintiff's cellular telephone.

7. Defendant, ACB, or another party acting on its behalf, placed other telephone calls using an automatic telephone dialing system or an artificial or pre-recorded voice to place other telephone calls to Plaintiff's cellular telephone

8. None of Defendant telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

9. Defendant, ACB, willfully or knowingly violated the TCPA.

10. Defendant, ACB, placed the violitive telephone calls complained of herein and is therefore liable to Plaintiff or, in the alternative, United is liable to plaintiff as it may be the successor by merger to Defendant, ACB.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

11.   Plaintiff incorporates Paragraphs 1 through 10.

12.   Defendant, ACB, or others acting on its behalf, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

   a.   Damages;

   b.   a declaration that Defendant, ACB, calls violate the TCPA;

   c.   a permanent injunction prohibiting Defendants from placing non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

   d.   Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> don@donyarbrough.com

By: <u>s/ Donald A. Yarbrough</u>
    Donald A. Yarbrough, Esq.
    Florida Bar No. 0158658